UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

```
FILED

SEP 2 5 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA
```

KENNETH FALLON,
           **Plaintiff,**
    v.                                      Civil No. 2:12cv423

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,
           Defendant.

## FINAL ORDER

Plaintiff Kenneth Fallon brought this action under 42 U.S.C. §§ 1383(c)(3) and 405(g) seeking judicial review of the final decision of the Social Security Commissioner ("Commissioner") denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by order of reference dated May 7, 2013, this matter was referred to United States Magistrate Judge Douglas E. Miller for a Report and Recommendation.

In a Report and Recommendation ("R&R") filed July 30, 2013, Judge Miller found that the decision by the Administrative Law Judge ("ALJ") to deny Mr. Fallon's claim was supported by substantial evidence. R&R 17, July 30, 2013, ECF No. 19. Accordingly, Judge Miller recommended denying Mr. Fallon's Motion for Summary Judgment, granting the Commissioner's Motion for Summary Judgment, affirming the decision of the Commissioner, and entering judgment in favor of the Commissioner. *Id.* at 19.

By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received Plaintiff's objections to the Magistrate Judge's R&R, and has considered the objections carefully.

1

Plaintiff contends that the Magistrate Judge committed an error when it affirmed the ALJ's decision to deny benefits. Plaintiff argues that the ALJ failed to consider any manipulative limitations in his Residual Functional Capacity findings and improperly relied on the Grid Rules to find Plaintiff not disabled.[1] After reviewing the record *de novo*, the record shows that the ALJ's determination that Plaintiff had no non-exertional limitations which would have significantly eroded the available employment in the light exertional category was supported by substantial evidence. Further, the Magistrate Judge explained that because the ALJ concluded that Plaintiff "could perform the full range of light work, the ALJ also correctly relied on the Medical-Vocational Guidelines to find [Plaintiff] not disabled during the period under review." R&R at 12, ECF No. 19.

This Court has reviewed the R&R of Judge Miller and hereby **ADOPTS** and **APPROVES** in full the findings and recommendations set forth therein. ECF No. 19. Accordingly, it is hereby **ORDERED** that Mr. Fallon's Motion for Summary Judgment (ECF No. 14) is **DENIED**, the Commissioner's Motion for Summary Judgment (ECF No. 16) is **GRANTED**, the decision of the Commissioner is **AFFIRMED**, and judgment shall be entered in favor of the Commissioner.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

**IT IS SO ORDERED.**

_____
Arenda L. Wright Allen
United States District Judge

September 25, 2013
Norfolk, Virginia

---

[1] Plaintiff's counsel asserts that Judge Miller "ignored" these arguments. However, Plaintiff's arguments regarding the exclusion of non-exertional limitations and manipulative limitations from his RFC were addressed in the Report and Recommendation. *Compare* Br. Supp. Mot. Summ. J. 9–11, ECF No. 15, *with* R&R 10–17, ECF No. 19. Had counsel wished Judge Miller to consider additional arguments, such arguments should have been fully presented to him. *See Ivy v. Sec'y of Health & Human Servs.*, 976 F.2d 288, 289 (6th Cir. 1992) (requiring judges to consider the "major, relevant, *and well-articulated*" arguments from parties (emphasis added)). Because Plaintiff's arguments are unsupported by the record, the Court need not consider whether they have been waived.